IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

Samuel Lanier (AIS # 182893) )
)
Plaintiff )
)
V )
)
) Civil Action 2:08 CV-182-WKW
Connie Bedsole )
Drug Program Supervisor )

Defendant

**ANSWER**
**And**
**SPECIAL REPORT**

Defendant files this, her Answer and Special Report, as directed by the Court.

**NAMED DEFENDANT**

Connie Bedsole, Drug Program Specialist with the Alabama Department of Corrections.

**PETITIONER'S ALLEGATIONS**

The Petitioner, Samuel Lanier (Lanier), an inmate in the Alabama Department of Corrections (ADOC), currently incarcerated at Ventress Correctional Facility, filed a complaint sounding in Section 1983, alleging certain constitutional violations against ADOC Drug Program Specialist\employee Connie Bedsole. Petitioner was sentenced from Montgomery County, Alabama to complete the Crime Bill Substance Abuse Program while he was incarcerated with the ADOC.

Petitioner first alleges that the only reason he was dismissed from the program in February. 2008 for repeated rule violations and write-ups, was because, "…I'm a black man and a little mental."

Petitioner next claims that he suffered "mental anguish" because he was put out of the program and "...denied replacement back into the program when defendant knew she was wrong."

Petitioner finally asserts what he calls a violation of his Eighth Amendment rights which prohibits him from "...being punished for something I didn't do," and for "racial discrimination."

Petitioner seems to demand that the court cause defendant Bedsole to be removed from her job for "...1 year without pay...," "make sure all inmates are treated fairly," "stop abusing funds from federal funded program," and "$2500.00 for pain and mental anguish."

**EVIDENTIARY SUBMISSIONS**
**IN SUPPORT OF DEFENDANTS' SPECIAL REPORT**

1. Affidavit of Connie Bedsole with attached Exhibits A – G. (Exhibit 1, A - G).
2. Affidavit of Reba Currie certifying documents. (Exhibit 2).

**INVESTIGATIVE RESULTS**

Defendant Connie Bedsole investigated the incidents made the basis of Petitioner's complaint, and testifies to this court by affidavit.

Defendant is employed with the ADOC as a Drug Program Specialist at Ventress Correctional Facility. She emphatically denies that she or anyone under her supervision acted unfairly or discriminately toward inmate petitioner Samuel Lanier, or any other inmate. (Exhibit 1).

Petitioner Lanier was ordered by Circuit Judge Tracey McCooey to complete the Crime Bill Substance Program while incarcerated with the ADOC. (Exhibit 1,A). Petitioner arrived at Ventress on February 23, 2007, and was scheduled to start drug treatment on May 14, 2007. Specialist Bedsole states that the program is divided into three (3) – two (2) month segments, and

that inmate Petitioner Lanier completed Phase I, but was suspended from Phase II on September 5, 2007 for Rule Violations. He was later allowed to come off suspension and was assigned to Drug Treatment Counselor Ronald W. Smith. (Exhibit 1, B).

On February 17, 2008, Counselor Smith gave Petitioner Lanier a staff write up for violation of Rule #5, Manipulating Department of Corrections Staff when Petitioner Lanier went to the Diabetic Chow Hall even though Petitioner is not a diabetic. (Exhibit 1, C).

Defendant Bedsole testifies that Counselor Smith, just four (4) days later gave Petitioner Lanier a second write up for the use of profanity in an argument, which is a violation of Rule #5. (Exhibit 1, D).

One week later, in lieu of a third and final write up, Petitioner Lanier was given the opportunity to complete a writing assignment. Instead of completing the assignment, as directed by Counselor Smith, Petitioner Lanier turned in four (4) pages of illegible scribbling. (Exhibit 1, E).

The scribbling assignment resulted in Counselor Smith giving Petitioner Lanier his third and final write up. Petitioner Lanier then complained that it was all a big mistake and that he had turned in the wrong assignment. (Exhibit 1, E). At that time, Petitioner Lanier complained to Defendant Bedsole. Defendant Bedsole told Petitioner Lanier that he should have turned in the correct assignment when he learned of the wrong assignment, as he alleged, and that the assignment would have been accepted as late, but completed nonetheless, and Lanier would not have been removed from the program. Petitioner Lanier made no attempt to ever see any staff member or to turn in the late, but correct assignment. (Exhibit 1,E).

**ANSWER**

The Defendant asserts the following defenses to the Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.
2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.
3. The Defendant cannot be held liable on the basis of ***respondeat superior***, agency, or vicarious liability theories.
4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.
5. The allegations contained in the Plaintiff's Complaint against the Defendant, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County*, 880 F. 2d 305, 309 (11th Cir. 1989).
6. The Defendant pleads all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent.
7. All claims of the Plaintiff against this Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.
8. The Defendant pleads the affirmative defense of contributory negligence and assumption of the risk.

9. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.
10. The Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.
11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendant who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

Lanier does not, with any specificity whatsoever, allege any actions or inaction on the part of Defendant which would subject her to liability under 42 U.S.C. Section 1983.

Based on the above evidentiary submissions of Defendant, there simply is no factual basis to any of Lanier's absurd claims. Lanier offers nothing but wildly speculative and unsubstantiated assertions. The burden is on the petitioner to come forward with more than mere speculation and accusatory innuendo. Lanier has completely failed to meet his burden, and Defendant is entitled to a dismissal of all of Lanier's claims, and for costs and other appropriate sanctions to be assessed against Lanier for his completely frivolous and factually and legally baseless petition.

### *Official Capacity*

Lanier has failed to allege, and offers no evidence, that defendant acted in her individual

capacity to harm petitioner.

Petitioner's complaint makes broad brush allegations against Alabama Department of Corrections employee Connie Bedsole. Petitioner makes reference to defendant by identifying her by her official "title" or "position". All claims asserted by inmate Lanier arise out of her official duties, and in her official capacity as an employee of the Department of Corrections. Petitioner makes no reference whatsoever to defendant being sued in her individual capacity.

Therefore, Defendant argues that she is entitled to 11th Amendment \ Sovereign Immunity, and offers the following as authority.

***11th Amendment Immunity / Sovereign Immunity***

Claims against the State of Alabama and its agencies, officers and agents, under Section 1983, are barred by the 11th Amendment to the United States Constitution. Free v. Granger. 887 F.2d 1552. 1557 (11th Cir. 1989); see also Dean v. Barber. 951 F.2d 1210. 1215 (11th Cir. 1992).

The 11th Amendment to the Constitution of the United States of America bars any claims, including any and all pendente state law claims, against a state or its officials in the absence of the consent of the state. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99-100 (1984) (wherein the Supreme Court of the United States held that the 11th Amendment barred any and all state law claims brought in U.S. District Court under pendente jurisdiction, as well as under Section 1983.) Lanier has failed to allege, and he offers no evidence whatsoever that there has been a waiver of the State of Alabama's 11th Amendment immunity in this case. Therefore, his claims against Defendant in her official capacity are all barred for lack of subject matter jurisdiction.

The State of Alabama and all of its services must operate through its agencies, officers and employees. The courts are firm in their holdings that state agencies, officers and employees are

absolutely immune from tort liability. Rutledge v. Baldwin Co. Commission, 495 So.2d 49 (Ala. 1986).

The State of Alabama, its agencies, officers and employees, in their official capacities and individually, are absolutely immune from suit. Defendant Bedsole, as an officer, employee and agent of the Alabama Department of Corrections, is entitled to invoke sovereign immunity from suit. See Destafney v. University of Alabama, 413 So.2d 391 (Ala. 1981).

***INDIVIDUAL CAPACITY***

To the extent that the court chooses to treat petitioners' complaint as being an "individual capacity" suit, Defendant adds the following arguments and authorities.

***Heightened Pleading Requirement***

It should first be noted that a plaintiff's pleading standard is elevated and "heightened" when claims are made against government officials. The Eleventh Circuit has made it clear:

> Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement.

G. J. R. Investments, Inc. v. Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998). In the instant case, plaintiff's allegations against Defendant are conclusory at best and they do not provide a basis for determining what, if any, constitutional violation is alleged against which defendant, or exactly what each defendant is accused of doing or failing to do. The plaintiff has thus failed to meet the mandated "heightened pleading" requirement for a 1983 action.

***Vicarious Liability/Respondeat Superior***

The claims asserted against Defendant Bedsole are clearly predicated on the doctrine of

*respondeat superior* and such liability does not exist. Monell v. New York City Dept. Of Social Services, 43 U.S. 658, 98 S.Ct. 2018, 67 L.Ed. 611 (1978); Smith V. Siegelman, 322 F.3d 1290, 1295 (11th Cir. 2003); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). The theory of *vicarious liability* or *respondeat superior*, is unavailable under Section 1983. *Farrow v. West* 320 F3d. 1235 (11thCir.2003).

All actions complained of by Petitioner Lanier, were, in reality, the actions of Drug Counselor Smith, who directly supervised Petitioner Lanier's treatment, and was the counselor who wrote up Petitioner Lanier. Defendant Bedsole's actions were those of the supervisor of Counselor Smith, only.

Petitioner Lanier's petition is due to be dismissed.

## ***ARTICLE V***
## ***Executive Officer Immunity***

Under Article V, Section 112 of the Alabama constitution, Defendant is executive officer of the State of Alabama. *See*, Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991) Defendant is shielded from suit, whether individually or in her official capacity, as an executive officer of the State of Alabama, including any constitutional claims, by Article I, Section 14 of the Alabama Constitution. *See*, Alabama State Docks v. Saxon, 631 So.2d 943, 946 (1994)("[Under] Article I, § 14, Alabama Constitution ... [s]tate officers and employees, in their official capacities and individually, also are absolutely immune from suit when the action is, in effect, one against the state."). This immunity extends to all the state law claims asserted by the plaintiff. Alexander v. Hatfield, 652 So.2d 1142, 1143 (Ala. 1994). *Cf.*, Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1986) ("Under Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under Section 14 . . . Alabama

intended for its state officers to be immune from suit.").

***Qualified Immunity***

Defendant is entitled to qualified immunity.

Plaintiff has failed to produce any legal authority which makes it obvious to all reasonable government actors in the Defendant's shoes that "what he is doing violates federal law." *See*. Lassiter v. Alabama A & M Univ. Bd. Of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). ("Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known.") *quoting*, Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); Siegert v. Gilley, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). "A plaintiff cannot avoid the qualified immunity defense 'by referring to general rules and to the violation of abstract 'rights'.'" Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001). Plaintiff's reliance on Marsh v. Butler County, Alabama, 268 F.3d 1014 (11th Cir. 2001), is misplaced inasmuch as the case dictates:

> Once the affirmative defense of qualified immunity is advanced, the allegations of the complaint take on great importance in a lawsuit. **"Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."** Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); Behrens v. Pelletier, 516 U.S. 299, 116 S.Ct. 834, 840, 133 L.Ed.2d 773 (1996) ("At the [12(b)(6)] stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.' ").

268 F.3d at 1022.

Defendant Bedsole was clearly acting in her capacity as a Drug Treatment Specialist, performing discretionary functions, and making judgment decisions regarding the application of

the Rules and Regulations as applied to program participant Petitioner Lanier. She is entitled to Qualified Immunity.

## *8TH AMENDMENT*

Petitioner Lanier alleges that the Eighth Amendment "...prohibits being punished for something I didn't do..." "racial discrimination."

There is no basis to either an Eighth Amendment or Fourteenth Amendment claim.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)).

"To establish a viable eighth amendment claim, the evidence must show that the measure taken inflicted unnecessary and wanton pain and suffering or was totally without penological justification." Ort v. White, 813 F.2d 318, 322 (11th Cir. 1987) Other citations omitted.

While [t]he Constitution does not mandate comfortable prisons, it does not permit inhumane ones ( Id.) (internal citations omitted). The Eighth Amendment requires prison officials to provide humane conditions of confinement; and ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmate. ( Id.) (quoting Hudson v. Palmer, 468 U.S. 517, 526-57 (1984)).

In order to succeed on a claim that prison [conditions] violated the Plaintiff's Eighth Amendment rights, Plaintiff must first prove that conditions were, objectively, sufficiently serious, and that the Defendant acted with sufficiently culpable state of mind so as to constitute deliberate indifference to Plaintiff's health or safety by acting or failing to act despite knowledge of such substantial risk of serious harm. ***Stephens v. Johnson*** 83 F3d. 198 (8th Cir.1995).

Plaintiff has failed to demonstrate facts which rise to the level of an Eighth Amendment deprivation.

***Equal Protection***

Defendant contends that Petitioner Lanier fails to state a claim under any theory of equal protection, based upon a line of decisions which have held violations of Equal Protection Clause are limited to instances of purposeful or intentional discrimination rather than erroneous or even arbitrary administration of authority. See Snowden v. Hughes, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497 (1944).

"Absent any allegation of a discriminatory purpose, a mere failure of those who administer the law to treat equally all persons who violate the law does not constitute a denial of the constitutional right to equal protection." Harrington v. United States, 673 F. 2d 7 (1st Cir. 1972) (citations omitted). See also E & T Realty v. Strickland, 830 F. 2d 1107(11th Cir. 1987). Petitioner has failed to plead any suggestion that the alleged actions of Defendant Bedsole were intentional, purposeful and based upon any recognized and protected class.

**CONCLUSION**

Petitioner Lanier fails to assert and support any act or omission on the part of Defendant which rises to the level of a constitutional violation.

The undisputed facts demonstrate that Lanier was removed from the Crime bill Program because of his own manipulative, non-compliant behavior. Even after being given a second chance, he continued to play games with the program requirements. and violate the rules. He was afforded an opportunity to not be removed from the program if he would simply complete a writing assignment and turn it in. Instead, he turned in four (4) pages of scribbling, and when

faced with the reality of being removed from the program, he tried the old schoolboy excuse that, "the dog ate it," by blaming it on another inmate, who, he claimed actually had his correct assignment.

Petitioner Lanier's petition is due to be dismissed, and costs taxed against him.

Respectfully submitted this the 29th day of April, 2008.

KIM T. THOMAS (THO115)
GENERAL COUNSEL

/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL 36130
(334) 353-3889

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Samuel Lanier
AIS # 182893
Ventress Correctional Facility
Post Office Box 767
Clayton, AL 36016-767

/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Samuel Lanier, #182893 | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action 2:08-CV-182-WKW |
| | ) | |
| Connie Bedsole, Drug Prog. Supvr. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT**

Before me, the undersigned Notary Public, did personally appear Connie Bedsole, who being duly sworn, deposes and presents the following affidavit.

My name is Connie Bedsole and I am an individual over the age of twenty-one years. I am employed with the State of Alabama Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Drug Program Specialist. In his complaint in the above styled cause and note that inmate Samuel Lanier, #182893 lists my name as a Defendant.

Inmate Samuel Lanier made allegations that he had been discriminated against.

Responding to the allegations made by Inmate Lanier in this suit, I can say without hesitation or reservation that there has been no discrimination against Mr. Lanier or any other inmate at Ventress Correctional Facility under my care for



Drug Treatment. Further, let me state that I have no knowledge of any act of discrimination against Mr. Lanier by any staff answerable to me.

Mr. Lanier was ordered by Judge Tracey McCooey in Montgomery County Court on November 9, 2006 to complete the Crime Bill Substance Abuse Program during his incarceration with the ADOC. (See Exhibit A) Arriving at Ventress Correctional Facility on 2/23/07, Inmate Samuel Lanier was set up to begin Drug Treatment on 5/14/07. The program is divided into three (3) – two (2) month segments. Inmate Lanier made it through Phase I but was suspended on September 5, 2007 due to Rule Violations. (See Exhibit B) He was allowed to come off suspension and return to Phase II Crime Bill on February 1, 2008 and was assigned to the caseload of Drug Treatment Counselor, Ronald W. Smith.

On February 17, 2008, Inmate Lanier received a staff write up from Drug Treatment Counselor, Mr. Smith for violation of general rule #5, Manipulating Department of Corrections Staff by going to Diabetic Chow Call when, in fact, Inmate Lanier is not diabetic. (Exhibit C) Inmate Lanier was being disrespectful by being dishonest in Violation of General Rule #5, which states, "All participants will respect Counselors, Staff, and Fellow Inmates. Profanity and Insubordination will not be tolerated."

Just four (4) days later on February 21, 2008, Drug Treatment Counselor Ronald Smith issued a second write up (Exhibit D) to inmate Samuel Lanier for his profanity in an argument with a fellow inmate during which Lanier said, "you are a sissy bitch and you need to stay the fuck away from my bed." This again is

a violation of General Rule #5, which states, "All participants will respect Counselors, Staff and Other Inmates. Profanity and insubordination will not be tolerated." On February 26, 2008, one week later, Inmate Lanier was given a written learning experience on "The importance of small details and respecting others." This assignment was given in lieu of a third write-up, which would have placed Inmate Lanier in treatment failure status. The paperwork turned in by inmate Samuel Lanier (Exhibit E) was literally nothing but scribbling with no intelligence wording on any of the four pages turned in.

When Counselor Smith gave Inmate Lanier his third and terminating write-up, Inmate Lanier began to argue that it was all a big mistake and that he had turned in the wrong assignment. When he brought his argument to Drug Program Specialist, Connie Bedsole, I reminded him that all Learning Experiences are turned in at 6:45 a.m., on the due date and that if later in the day he discovered that he had turned in the wrong assignment, he should then have brought in the correct assignment. It would have been accepted as late, but he would not have been discharged from the program. The truth is Inmate Lanier made no effort on February 27, 2008 to see any staff to discuss this matter.

On February 28, 2008, Ernie Marshburn, Drug Program Supervisor met with the Crime Bill Staff to review Inmate Lanier's situation. Mr. Marshburn agreed with Ms. Bedsole's recommendation for termination based on the idea that Mr. Lanier has had ample opportunity to prove his desire to succeed in the program. Mr. Marshburn stated it was obvious that Inmate Lanier had intended to "sham"

his Learning Experience since the only readable scribbling was the correct heading at the top of the page giving his name and the Learning Experience Title.

Inmate Lanier's sentencing Judge has been notified of his treatment failure from his court ordered program (Exhibit G). That is the extent of my knowledge and contact with Inmate Samuel Lanier.

The beforementioned facts are true and correct to the best of my knowledge.

Connie Bedsole 4/9/08
Connie Bedsole Date

State of Alabama )

Barbour County )

Sworn to and subscribed before me this 9th of April 2008.

Reba D Currie
Notary Public

My Commission Expires: 9-8-08

ACR359 Bed J in 1/17

Exhibit A

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2006 000939.00 01
TRACEY S MCCOOEY

CIRCUIT COURT OF MONTGOMERY COUNTY COURT ORI: 003045 J

STATE OF ALABAMA VS. DC NO: GJ 2006 060177.00
LANIER SAMUEL ALBERT ALIAS: G - MONEY LANIG J: 177
709 COMMUNITY ST ALIAS: SSN: 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
MONTGOMERY AL 36108 SID: 013207640
AIS: 182893

DOB: 04/08/1976 SEX: M HT: 6 02 WT: 180 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ________ AGE: ____ FEATURES: ______

DATE OFFENSE: 03/19/2006 ARREST DATE: 03/19/2006 ARREST ORI: 0030100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| REC STOLEN PROP 1S | 13A-008-017 | 01 | B | GUILTY PLEA | 11/09/2006 |
| THEFT OF PROP 1ST | 13A-008-003 | 01 | B | NOL PRS/DA MOTION | 11/09/2006 |
| | | 00 | | | 00/00/0000 |

JUDGE: TRACEY S MCCOOEY PROSECUTOR:

PROBATION APPLIED GRANTED DATE REARRESTED DATE REVOKED DATE
(X)Y( )N 11092006 ( )Y( )N ________ ( )Y( )N ________ ( )Y( )N ________

| 15-18-8, CODE OF ALA 1975 | | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|---|
| (X)Y ( )N | CONFINEMENT: | 03 00 000 | 17 00 000 | 20 00 000 | 00 00 160 |
| | PROBATION : | 03 00 000 | | 03 00 000 | |

DATE SENTENCED: 11/09/2006 SENTENCE BEGINS: 11/09/2006

PROVISIONS

PENITENTIARY
CONCURR SENT
HABITUAL OFDR
SPLIT SENTENC

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $0.00 | $0.00 |
| CRIME VICTIMS | $50.00 | $50.00 |
| COST | $311.00 | $311.00 |
| FINE | $0.00 | $0.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $361.00 | $361.00 |

APPEAL DATE SUSPENDED AFFIRMED REARREST
( )Y( )N ________ ( )Y( )N ________ ( )Y( )N ________ ( )Y( )N ________

REMARKS:

SENT TO RUN CC W/ ALL OTHER CASES.
CRIME BILL ORDERED.

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

Melissa Rittenour

MELISSA RITTENOUR(CC)

12/05/2006

OPERATOR: DBH
PREPARED: 12/05/2006







State of Alabama

# Alabama Department of Corrections

Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

---

FROM: Drug Program Specialist, Dorm D4, Bed # 32B

VIA: Ernie Marshburn, MS CADP, and Drug Program Supervisor

TO: J.C. Giles, Warden III

REF: Violation of Rules & Regulations

On this date, 9.5.07 the following Inmate Samuel Lanier, AIS# B/182893 received the following write-up:

Rule # 29 for: negative attitude, throwing a ticket back after signing ticket. Inmate is suspended from program.

This is inmate's:

| | |
|---|---|
| ____ | of six (6) write-ups |
| D/C Suspension ____ | of five (5) write-ups |
| Return to C/B ____ | of four (4) write-ups |
| Phase II 2/15/08 ____ | of three (3) write-ups |
| 2 | of two (2) write-ups |
| ____ | of one (1) write-ups |

Ø more write-up(s) and this inmate will be terminated from the Substance Abuse Program. 9/5/07

**No Exceptions!!!**

Samuel Lanier
INMATE'S SIGNATURE

Delicia McGhee
COUNSELOR'S SIGNATURE

Connie H. Bedsole
SPECIALIST'S SIGNATURE

DEFENDANT'S EXHIBIT 1-B





Bob Riley
GOVERNOR

State of Alabama
# Alabama Department of Corrections
Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

Richard F. Allen
COMMISSIONER

FROM: Drug Program Specialist, Dorm 4, Bed # 43B

VIA: Ernie Marshburn, MS CADP, and Drug Program Supervisor

TO: J.C. Giles, Warden III

REF: Violation of Rules & Regulations

On this date, 2-5-08 the following Inmate Samuel Lanier,

AIS# 182893 received the following write-up:

Rule # 5 for: Disrespecting Staff and counselors and other inmates by evidence of Manipulating DOC to go to dialetic chow.

This is inmate's:

_____ of six (6) write-ups
_____ of five (5) write-ups
_____ of four (4) write-ups
1 of three (3) write-ups
_____ of two (2) write-ups
_____ of one (1) write-ups

2 more write-up(s) and this inmate will be terminated from the Substance Abuse Program.

**No Exceptions!!!**

Samuel Lanier
INMATE'S SIGNATURE

[signature]
COUNSELOR'S SIGNATURE

Connie H. Bedsole
SPECIALIST'S SIGNATURE

DEFENDANT'S EXHIBIT
1-C




State of Alabama

Alabama Department of Corrections

Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

FROM: Drug Program Specialist, Dorm 04, Bed # 43B

VIA: Ernie Marshburn, MS CADP, and Drug Program Supervisor

TO: J.C. Giles, Warden III

REF: Violation of Rules & Regulations

On this date, 2-21-08 the following Inmate Samuel Lanier.

AIS# 182 843 received the following write-up:

Rule # CR5 for: Disrespecting Staff by evidence of calling and inmate "Sissy Bitch" and telling him to "Stay the fuck away from my Bed."

This is inmate's:

| | |
|---|---|
| | of six (6) write-ups |
| | of five (5) write-ups |
| | of four (4) write-ups |
| 2 | of three (3) write-ups |
| | of two (2) write-ups |
| | of one (1) write-ups |

1 more write-up(s) and this inmate will be terminated from the Substance Abuse Program.

**No Exceptions!!!**

Samuel Lanier
INMATE'S SIGNATURE

Ronald N. Smith
COUNSELOR'S SIGNATURE

Connie H. Bedsole
SPECIALIST'S SIGNATURE

DEFENDANT'S EXHIBIT 1, D



State of Alabama

Alabama Department of Corrections

Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

FROM: Drug Program Specialist, Dorm 04, Bed # 43B

VIA: Ernie Marshburn, MS CADP, and Drug Program Supervisor

TO: J.C. Giles, Warden III

REF: Violation of Rules & Regulations

On this date, 2-28-08 the following Inmate Samuel James,

AIS# 182893 received the following write-up:

Rule # 5 for: Disrespecting Staff evidence by turning in a written learning experience with nothing but scrible on it. Inmate is being Terminated from the program

This is inmate's:

| | |
|---|---|
| ______ | of six (6) write-ups |
| ______ | of five (5) write-ups |
| ______ | of four (4) write-ups |
| 3 | of three (3) write-ups |
| ______ | of two (2) write-ups |
| ______ | of one (1) write-ups |

D/C 2nd out = Termination + Tx failure! [initials] 2/28/08

0 more write-up(s) and this inmate will be terminated from the Substance Abuse Program.

**No Exceptions!!!**

[signature] INMATE'S SIGNATURE

[signature: Ronald W. Smith] COUNSELOR'S SIGNATURE

[signature: Connie H. Bedsole] SPECIALIST'S SIGNATURE



Exhibit T1

Samuel Lanier
BED #43B
2-27-08
Group #2

paying attention to small details

PASD

**LEARNING EXPERIENCE**

Paying attention to small details is some-thing we all have to [illegible] at the thing [illegible] [illegible]

[illegible]

Because they expected me to respect [illegible]

[illegible]

[illegible] will come [illegible]

[illegible]

[illegible] through everything [illegible]

[illegible]

Exhibit E

[illegible signature]
BED#43B
2-27-08
Group#2

TI

LEARNING EXPERIENCE

2pg Respecting others
Missing a period
Capital R

**LEARNING EXPERIENCE**

respecting others is something we all [illegible]

[illegible]

I feel that [illegible]

respecting others

Exhibit E

Exhibit F

State of Alabama

# Alabama Department of Corrections

Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

---

FROM: Drug Program Specialist, Dorm 04, Bed # 43B

VIA: Ernie Marshburn, MS CADP, and Drug Program Supervisor

TO: J.C. Giles, Warden III

REF: Violation of Rules & Regulations

On this date, 2-28-08 the following Inmate Samuel Jones,

AIS# 182893 received the following write-up:

Rule # 5 for: Disrespecting Staff evidence by turning in a Written Learning experience with nothing but scrible on it. Inmate is being Terminated from the program

This is inmate's:

| | |
|---|---|
| ____ | of six (6) write-ups |
| ____ | of five (5) write-ups |
| ____ | of four (4) write-ups |
| 3 | of three (3) write-ups |
| ____ | of two (2) write-ups |
| ____ | of one (1) write-ups |

D/C 2nd out = Termination + Tx failure! [initials] 2/28/08

0 more write-up(s) and this inmate will be terminated from the Substance Abuse Program.

**No Exceptions!!!**

[signature]
INMATE'S SIGNATURE

[signature: Ronald W. Smith]
COUNSELOR'S SIGNATURE

[signature: Connie H. Bedsole]
SPECIALIST'S SIGNATURE

DEFENDANT'S EXHIBIT 1, F





State of Alabama

Alabama Department of Corrections

Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016
(334) 775-3331

Bob Riley
GOVERNOR

Richard F. Allen
COMMISSIONER

April 7, 2008

Honorable Judge Tracey S. McCooey
Circuit Judge
110 N. Jackson Street
Montgomery, Alabama 36104

RE: Samuel Lanier AIS#: 182893

Judge McCooey:

This letter will inform you that the above inmate has failed your court ordered drug treatment here at Ventress. Attached you will find a copy of the Write-Up dated February 28, 2008.

Sincerely,

Ernie Marshburn, MS MLAP
Drug Program Supervisor

EM/dys





**State of Alabama**
**Alabama Department of Corrections**
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

**AFFIDAVIT**

)
)
)
)

STATE OF ALABAMA

I, Reba T. Currie, hereby certify and affirm that I am an ASAIII, at Ventress Correctional Facility; that I am one of the custodian of records at this institution; that the attached documents are true, exact, and correct photocopies of certain documents maintained here in the institutional files; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents on Samuel Lanier, #182893 are maintained in the usual and ordinary course of business at the Ventress Correctional Facility; and that said documents were made at, or reasonably near the time that the transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on this the 9th day of April, 2008.

Reba T Currie
Signature

SWORN TO AND SUBSCRIBED BEFORE ME THIS 9th DAY OF April, 2008.

Carolyn Daniels
Notary Public
My Commission Expires: 04/06/2010

Telephone (334) 353-3883 Fax (334) 353-3967

DEFENDANT'S EXHIBIT H