IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| Samuel Lanier (AIS # 182893) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V ) | |
| ) | |
| ) | Civil Action 2:08 CV-182-WKW |
| Connie Bedsole, ) | |
| ) | |
| Defendant. | |

## SUPPLEMENTAL ANSWER AND SPECIAL REPORT

COMES NOW, the Defendant and pursuant to this Court's Order (Doc. No. 12) files her Supplemental Answer and Special Report as follows:

## PLAINTIFF'S AMENDED ALLEGATIONS

Lanier additionally alleges that in retaliation for the filing of a lawsuit by a Frederick Rivers, the Defendant dismissed him from the substance abuse program. Additionally, he claims that the attached (Exhibit 1, E) to Defendant's Special Report and Answer (Doc. No 10) is not his assignment.

## SUPPLEMENTARY EVIDENTIARY SUBMISSIONS

1. Affidavit of Connie Bedsole, (Exhibit 3)

1

## SUPPLEMENTAL ANSWER

The Defendant reasserts all defenses as claimed in her Answer and Special Report as if fully set out herein.

## SUPPLEMENTAL ARGUMENT

Based on the additional submissions of Defendant, there simply is no basis to any of Lanier's new claims. Lanier's removal from the program is fully supported by all evidentiary submissions of the Defendant (See Exhibit 3), and he offers nothing to base his claims of retaliation but conclusory allegations. The Defendant's affidavits clearly support why Lanier was removed. He further alleges that the lesson assignment previously offered as an exhibit was not his. However, one can positively compare the signatures of his original complaint with those on the questioned lesson plan and identify the Plaintiff as the author of both.

The additional claims of retaliation should be dismissed or in the alternative judgment as a matter of law entered in favor of the Defendant as there is no genuine issue of material fact to support the claim that Plaintiff was removed from the substance abuse program because another inmate filed a separate lawsuit. See Celotex v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Even so, assuming the facts in light most favorable to the Plaintiff that, indeed, the Defendant did purportedly retaliate against the Plaintiff because another inmate filed a lawsuit, the Defendant is still protected by qualified immunity.

2

" 'Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir.2002)(citation omitted). To receive qualified immunity, a government official must first establish that he was acting within his discretionary authority. McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir.2007); Vinyard, 311 F.3d at 1346. Here, it is undisputed that the Defendant was acting within her discretionary authority to remove Plaintiff from the program.

Once a government official establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff. McClish, 483 F.3d at 1237;Vinyard, 311 F.3d at 1346. The Supreme Court has set forth a two-part test for qualified immunity. Vinyard, 311 F.3d at 1346 (citing Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). First, a court must undertake the threshold inquiry of whether the plaintiff's allegations, if true, establish a constitutional violation. Id. If a constitutional right would have been violated under the plaintiff's version of the facts, the next question is whether the constitutional right was clearly established. Id. The right must have been clearly established at the time of the alleged violation. Id. at 1349. Further, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a

3

reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Stated another way, "the salient question ... is whether the state of the law [at the time of the events in question] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional." Hope, 536 U.S. at 741, 122 S.Ct. at 2516.

The Defendant's purported actions taken in best light to the Plaintiff do not establish a constitutional violation. Further, there is no clearly established law to give notice to a reasonably objective prison official that retaliation against one inmate for the litigations of another. There is no question that state officials may not retaliate against a prison inmate for exercising his legal right of access to the courts. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Courtney v. Reeves, 635 F.2d 326, 329-30 (5th Cir. Unit A Jan. 9, 1981);[FN2] Cruz v. Beto, 603 F.2d 1178, 1185 (5th Cir.1979). However, even assuming the complete preposterousness of its suggestion, it is not so clear of a constitutional violation to retaliate against an inmate for another's exercising his rights of access to the courts. Additionally, the Plaintiff can not show any clearly established law to give notice to a reasonably objective prison drug program specialist including the Defendant that it was constitutionally wrong to do so. In the end, the Defendant should receive the protections of qualified immunity.

4

## CONCLUSION

Lanier fails in his amended claims to assert and support any act or omission on the part of Defendant which rises to the level of a constitutional violation. Lanier's petition is due to be dismissed, and costs taxed against him.

Respectfully submitted this the 29th day of May, 2008.

KIM T. THOMAS (THO115)
GENERAL COUNSEL

/s/ Greg Biggs
GREG BIGGS (BIG004)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL   36130
(334) 353-3889

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

    Inmate Samuel Lanier, AIS # 182893
    Ventress Correctional Facility
    Post Office Box 767
    Clayton, AL  36016-767

                                        /s/ Greg Biggs
                                        GREG BIGGS(BIG004)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Samuel Lanier, #182893           )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )   Civil Action 2:08-CV-182-WKW
                                 )
Connie Bedsole, Drug Prog. Supvr.)
                                 )
    Defendants.                  )

## S U P P L E M E N T A L

## A F F I D A V I T

Before me, the undersigned Notary Public, did personally appear Connie Bedsole, who being duly sworn, deposes and presents the following affidavit.

My name is Connie Bedsole and I am an individual over the age of twenty-one years. I am employed with the State of Alabama Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Drug Program Specialist. In his complaint in the above styled cause and note that inmate Samuel Lanier, #182893 has filed an additional Order of Motion stating that I, defendant Bedsole removed him from the Substance Abuse Treatment Program due to a lawsuit filed by Frederick Rivers. He further complains that the learning experience assignment submitted as an exhibit is not



Page 2
Affidavit – Connie Bedsole

the assignment he actually provided the defendant. I submit this affidavit in defense thereof.

Samuel Lanier's suspension from the Crime Bill Substance Abuse Program has nothing to do with a lawsuit filed by Frederick Rivers. There is no connection between River's lawsuit and the lawsuit filed by Samuel Lanier.

The Learning Experience that I submitted as Exhibit E is indeed a certified copy of Inmate Lanier's assignment that he provided to me. This assignment was in **lieu of a third write-up**, which would have placed Inmate Lanier in treatment failure status. The paperwork turned in by inmate Samuel Lanier (Exhibit E) was literally nothing but scribbling with no intelligent wording on any of the four pages turned in.

When Counselor Smith gave Inmate Lanier his third and terminating write-up, Inmate Lanier began to argue that it was all a big mistake and that he had turned in the wrong assignment. When he brought his argument to Drug Program Specialist, Connie Bedsole, I reminded him that all Learning Experiences are turned in at 6:45 a.m., on the due date and that if later in the day he discovered that he had turned in the wrong assignment, he should then have brought in the correct assignment. It would have been accepted as late, but he would not have been discharged from the program. The truth is that Inmate Lanier made no effort on February 27, 2008 to see any staff to discuss this matter. Mr. Ernie Marshburn, Drug Program Supervisor approved Ms. Bedsole's recommendation

Page 2
Supplemental Affidavit – Connie Bedsole

for termination based on the idea that Mr. Lanier has had ample opportunity to prove his desire to succeed in the program. Mr. Marshburn stated it was obvious that Inmate Samuel Lanier had intended to "sham" his Learning Experience since the only readable scribbling was the correct heading at the top of the page giving his name and the Learning Experience.

The beforementioned facts are true and correct to the best of my knowledge.

_Connie Bedsole_  5/16/08
Connie Bedsole      Date


State of Alabama   )

Barbour County    )

Sworn to and subscribed before me this  16th  of May 2008.

_Reba D Currie_
Notary Public

My Commission Expires: 9-8-08